# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

_____

AIRLINK AVIATION GROUP, LLC,
a Michigan limited liability company,

    Plaintiff,

v.

INTEGRA AIRCRAFT SALES, LLC,
a Florida limited liability company,

    Defendant.

CASE NO.

HON.

_____

## COMPLAINT

NOW COMES Plaintiff, Airlink Aviation Group, LLC ("Airlink" or "Plaintiff"), by and through its attorneys, Barnes & Thornburg LLP, and for its Complaint against Defendant Integra Aircraft Sales, LLC ("Defendant"), states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Airlink is a Michigan limited liability company with its principal place of business located at 6320 Highland Road, Waterford Township, Oakland County, Michigan, 48327. Airlink's sole member is PTK LLC, a Michigan limited liability company having its registered address at 251 E. Merrill Street, Suite 212, Birmingham, Michigan 48009. PTK has two individual members, Earl Ishbia and Jeffrey Ishbia, who are Michigan residents.

2. Integra is a Florida limited liability company with its principal place of business located at 725 SE Riverside Drive, Stuart, Florida 34994. According to Integra's Articles of Organization available on the Florida Secretary of State's website, Integra is a manager-managed limited liability company. Further, according to Integra's annual report filed with the Florida Secretary of State on April 18, 2022, Integra has two managers, Terry Johnson and Kara Johnson, both of whom reside at 725 SE Riverside Drive, Stuart, Florida 34994. Upon information and belief, Terry Johnson and Kara Johnson are also members of Integra and none of Integra's members are Michigan residents.

3. This Court has subject matter jurisdiction over this matter pursuant to U.S.C. § 1332, as Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. This Court has personal jurisdiction over Integra because Airlink's claims arise out of Integra's actions and conduct purposefully directed in this judicial district. This action arises out of maintenance and other services provided by Airlink at Integra's request on Integra's Canadair Ltd, CL-600 Challenger aircraft, bearing serial number 3007 and a FAA Registration Number N275MT. Airlink performed the services on Integra's aircraft at the Oakland County International Airport hangar, Waterford, Michigan over several months throughout 2021, as further specified in the attached invoices and work orders, including, without limitation, during the

months of March, April, May, June, July, August, and September 2021.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Airlink's claims occurred in this judicial district.

## FACTUAL ALLEGATIONS

6. Integra owns that certain Canadair Ltd, CL-600 Challenger, bearing serial number 3007 and a FAA Registration Number N275MT (the "Aircraft").

7. Integra engaged Airlink to perform certain services on the Aircraft pursuant to various work orders and invoices, including, without limitation, aviation management services, aircraft maintenance, aircraft parts, aircraft cleaning services, landing fees, crew expenses, fuel, hangar fees, subscription fees, specialty aircraft stock items and other services and items related to Integra's Aircraft (collectively, the "Services").

8. Airlink performed the Services on the Aircraft at the Oakland County International Airport located in Waterford, Michigan pursuant to various work orders, and issued monthly invoices for the Services (collectively, the "Unpaid Invoices") to Integra. True and correct copies of the work orders and Unpaid Invoices are attached hereto as a composite **Exhibit 1** and incorporated herein by reference as if fully set forth herein. The Services were performed in March, April, May, June, July, August, and September 2021.

9. Airlink sent the Unpaid Invoices to Integra via email at or around the time that the Services were performed.

10. Integra was required to pay each invoice upon receipt of the invoice. The last Unpaid Invoice sent to, and received by, Defendant was to be paid no later than October 1, 2021.

11. Integra failed to pay the Unpaid Invoices.

12. On April 28, 2022, counsel for Airlink sent a demand letter to Integra, via FedEx Overnight Mail (the "Demand Letter"), demanding full payment of the Unpaid Invoices. A true and correct copy of the Demand Letter is attached hereto as **Exhibit 2**.

13. The Demand Letter was delivered to the Integra on April 29, 2022. A true and correct copy of the FedEx delivery confirmation is attached hereto as **Exhibit 3**.

14. To date, Integra has failed to pay the amounts due and owing under the Unpaid Invoices.

15. To date, Integra is in material breach with respect to the Unpaid Invoices.

16. There is currently $109,080.43 due and owing under the Unpaid Invoices, which reflects the full amount invoiced to Integra by Airlink less $28,600 in credits as reflected in Invoice Nos. C216572, C216658, C216667 and C216676.

## COUNT I
### (Breach of Contract)

17. Plaintiff restates and realleges the allegations set forth in paragraphs 1-16 above as if fully set forth herein.

18. The work orders and Unpaid Invoices constitute a valid and enforceable contract between Airlink and Integra for the Services.

19. Airlink properly performed the Services for Integra with respect to the Aircraft.

20. Integra failed to pay for the Services provided by Airlink as agreed.

21. Airlink properly performed the Services and all conditions precedent to Airlink's right of recovery have been satisfied.

22. Integra materially breached the parties' contract by failing to make payments as agreed for the Services, causing Airlink to incur damages.

WHEREFORE, Airlink requests this Court to enter judgment in its favor and against Integra on Airlink's breach of contract claim, award Airlink $109,080.43 in damages, plus pre- and post-judgment interest, the costs of this action, and any other relief this Court deems just and proper.

## COUNT II
### (Account Stated Pursuant to M.C.L. § 600.2145)

23. Plaintiff restates and realleges the allegations set forth in paragraphs 1-22 above as if fully set forth herein.

24. Currently, Airlink holds an account balance of $109,080.43 in principal for the Services performed by Airlink for Integra.

25. As set forth above, Airlink notified Integra of its delinquency under the account and made demand for payment in full.

26. Integra failed to respond or otherwise pay the indebtedness of $109,080.43 reflected in the Unpaid Invoices, and the indebtedness under the account continues to be fully due and owing to Airlink over and above all legal counter claims.

27. Attached as **Exhibit 4** is an Affidavit of Account Stated by Jason Ishbia of Airlink, verifying that the account is justly due and owing.

28. Accordingly, Integra's account with Airlink constitutes an account stated, pursuant to M.C.L. § 600.2145, and Airlink is entitled to judgment against Integra in an amount not less than $109,080.43, plus interests and costs.

WHEREFORE, Airlink requests this Court to enter judgment in its favor and against Integra on Airlink's account stated claim, award Airlink $109,080.43 in damages, plus pre- and post-judgment interest, the costs of this action, and any other relief this Court deems just and proper.

## COUNT III
### (Unjust Enrichment – Plead in the Alternative)

29. Plaintiff restates and realleges the allegations set forth in paragraphs 1-16 above as if fully set forth herein.

30. To the extent the Court finds that there is not a valid and enforceable contract between Airlink and Integra for the Services, Airlink conferred a benefit on Integra by performing and providing the Services on Integra's Aircraft.

31. Integra accepted the Services from Airlink and retained the benefit of the Services.

32. Integra has not paid Airlink for the Services.

33. The value of the Services provided by Airlink totals $109,080.43.

34. Integra has been unjustly enriched, to the detriment of Airlink, in the amount of $109,080.43.

35. It would be unjust to allow Integra to retain these benefits without appropriate compensation to Airlink in the amount of $109,080.43.

WHEREFORE, Airlink requests this Court to enter judgment in its favor and against Integra on Airlink's unjust enrichment claim, award Airlink $109,080.43 in damages, plus pre- and post-judgment interest, the costs of this action, and any other relief this Court deems just and proper.

Dated: July 12, 2023                         BARNES & THORNBURG LLP

/s/ William J. Leeder, III
William J. Leeder, III (P70708)
171 Monroe Ave., NW, Suite 1000
Grand Rapids, Michigan 49503
P: (616) 742-3979
Bill.Leeder@btlaw.com
*Attorney for Plaintiff*